UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 4:08CV2033 FRB |
| LATHROP & GAGE, L.C., et al., ) ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Presently pending before the Court is defendants Lathrop & Gage, L.C., and Stephen M. Schoenbeck's Motion for Reconsideration [Doc. #45]. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

This cause of action originated in the Circuit Court of the City of St. Louis, Missouri, whereby Washington Mutual Bank (Washington Mutual) brought a petition for damages against the law firm of Lathrop & Gage, L.C., and attorney Stephen M. Schoenbeck for legal malpractice alleged to have occurred in connection with their representation of Washington Mutual's predecessor in interest, North American Mortgage Company (North American), relating to a previous lawsuit for injunctive and monetary relief brought in the United States District Court, Eastern District of Missouri. In its petition for damages, Washington Mutual claimed that defendants' negligent representation resulted in a jury

verdict against it in the amount of $3.5 million in actual damages, and $18 million in punitive damages. The Eighth Circuit Court of Appeals subsequently reduced the punitive damages award to $7 million. Conseco Fin. Servicing Corp. v. North Am. Mortgage Co., 381 F.3d 811, 826 (8th Cir. 2004).

On September 25, 2008, the Office of Thrift Supervision closed Washington Mutual and appointed the Federal Deposit Insurance Corporation (FDIC) as Receiver. On December 23, 2008, the Circuit Court of the City of St. Louis substituted the FDIC for Washington Mutual as proper party plaintiff in the instant cause of action. On December 30, 2008, defendants removed the cause to this Court invoking federal question jurisdiction under 28 U.S.C. § 1331 inasmuch as all civil actions in which the FDIC is a party are deemed to arise under the laws of the United States. 12 U.S.C. § 1819(b)(2)(A). At the time this matter was removed, it had a peremptory trial setting of February 23, 2009, in the Circuit Court of the City of St. Louis.

## I. Background

Washington Mutual filed this legal malpractice action on December 29, 2006, in the Circuit Court of the City of St. Louis. On March 2, 2007, defendants answered Washington Mutual's petition and simultaneously filed affirmative defenses to the claims raised therein. With leave of court, Washington Mutual filed a first amended petition on April 19, 2007. On that same date, defendants

filed their answer and affirmative defenses to the amended petition. The cause thereafter proceeded through discovery.

On November 16, 2007, Washington Mutual filed a motion for more definite statement or to strike with respect to defendants' affirmative defenses. On January 22, 2008, the circuit court denied the motion to strike, but granted Washington Mutual's motion for more definite statement. Defendants filed an amended answer with affirmative defenses on January 29, 2008.

On March 6, 2008, Washington Mutual filed a second amended petition, to which defendants filed their answer and affirmative defenses on March 17, 2008.[1] Washington Mutual thereafter filed a motion to strike affirmative defenses, as well as a separate motion for more definite statement and to strike certain affirmative defenses. With leave of court, defendants filed an amended answer and affirmative defenses to the second amended petition on June 3, 2008. On that same date, Washington Mutual renewed its motion to strike affirmative defenses. Defendants responded to the motion on July 17, 2008. A hearing was then held on the motion. In an Order entered August 7, 2008, the circuit court granted in part and denied in part Washington Mutual's motion to strike.

Subsequent to this ruling, Washington Mutual filed a motion for partial summary judgment as to one of defendants'

---

[1]The second amended petition is that presently pending in the instant litigation.

remaining affirmative defenses, and specifically, defendants' claim of contributory negligence based on alleged bad acts of their client in the underlying litigation. Defendants filed their opposition to the motion on October 6, 2008, to which Washington Mutual replied on October 15, 2008. Defendants filed a surreply on November 4, 2008. A hearing was held on the motion on December 4, 2008. On December 23, 2008, the circuit court entered an Order in which Washington Mutual's motion for partial summary judgment was granted in part and denied in part.

Upon the substitution of the FDIC as the proper party plaintiff, the matter was removed to this Court on December 30, 2008.[2]

On May 20, 2009, defendants sought leave from this Court to file a Second Amended Answer and Affirmative Defenses in which they sought, *inter alia*, to re-institute the affirmative defenses which had been stricken and/or upon which summary judgment had been granted in state court. In seeking leave to re-institute these defenses, defendants argued that the state court committed legal error in its previous rulings related thereto. Plaintiff opposed defendants' motion, arguing that the proper method by which to re-

---

[2]Upon removal, the parties disputed the manner and method by which this cause was to proceed before this Court. After conducting a hearing on the parties' respective positions, the Court entered a Case Management Order setting forth the schedule and other conditions by which this cause would proceed. Trial is set in this matter on January 25, 2010.

examine the state court rulings was by a motion to reconsider such rulings and not by seeking leave to file an amended answer incorporating previously stricken affirmative defenses.

On May 26, 2009, a scheduling hearing was held before the undersigned at which counsel for the defendants identified certain issues on which they believe the state court erred in its prior determinations regarding certain of their affirmative defenses. This Court indicated to counsel that because reconsideration of any state court rulings may affect the course of the proceedings, any motions seeking reconsideration should be expeditiously filed. Defendants' motion for leave to file an amended answer and affirmative defenses was thereafter denied without prejudice.

On August 5, 2009, eight months after the removal of the cause to this Court, and ten weeks after the scheduling hearing described above, defendants filed the instant Motion for Reconsideration, arguing that the state court's orders of August 7, 2008, and December 23, 2008, were erroneously determined as a matter of law. Plaintiff has responded to the motion to which defendants have replied. With leave of Court, plaintiff was permitted to file a surreply.

## II. Discussion

In actions removed to federal court, all orders entered by the state court prior to removal remain in full force and effect until dissolved or modified by the district court. 28 U.S.C. §

1450. Under Fed. R. Civ. P. 54(b), however, the district court may reconsider and revise any interlocutory order up until the time final judgment is entered in the action. "District courts have considerable discretion in deciding whether to grant a motion to reconsider an interlocutory order." Wells' Dairy, Inc. v. Travelers Indem. Co. of Ill., 336 F. Supp. 2d 906, 909 (N.D. Iowa 2004).

A party's motion to reconsider a non-final order is governed by considerations under Fed. R. Civ. P. 60(b). Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999); see also Elder-Keep v. Aksamit, 460 F.3d 979, 984-85 (8th Cir. 2006) ("[W]e have determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'"). Cf. Ideal Instruments, Inc. v. Rivard Instruments, Inc., 434 F. Supp. 2d 640, 647 (N.D. Iowa 2006) (district court looks to considerations under Rule 60(b) for guidance in determining motion for reconsideration under Rule 54(b)); Wells' Dairy, 336 F. Supp. 2d at 909 (same). Under Fed. R. Civ. P. 60(b), the Court may relieve a party from an order for any one of the enumerated reasons in the rule, including excusable neglect, surprise, newly discovered evidence, fraud, a void judgment, or any other reason that would justify relief. Relief under "Rule 60(b) is an extraordinary remedy" and is "justified only under 'exceptional circumstances.'" Prudential Ins. Co. of Am. v. National Park Med.

Ctr., Inc., 413 F.3d 897, 903 (8th Cir. 2005) (quoting Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999)).[3]

From a review of the instant motion, it appears that the applicable ground upon which defendants seek relief is Rule 60(b)(6)'s catch-all provision, which provides that relief may be granted for "any other reason that justifies relief." Parties may not use this provision as a vehicle for setting forth arguments that were made or could have been made earlier in the proceedings. See Broadway, 193 F.3d at 989-90 ("In their 'motion for reconsideration,' defendants did nothing more than reargue, somewhat more fully, the merits of their claim[.] . . . This is not the purpose of Rule 60(b). . . . It is not a vehicle for simple reargument on the merits.").

The arguments made in the defendants' motion here merely restate those made before the state court. Other than setting forth their disagreement with the state court's determinations,

---

[3]The undersigned notes that Rule 60(c) requires that all Rule 60(b) motions must be made within a "reasonable time" after entry of the order from which relief is sought. Federal Land Bank of St. Louis v. Cupples Bros., 889 F.2d 764, 766 (8th Cir. 1989). What constitutes "reasonable time" under the rule is dependent upon the facts of each case. Watkins v. Lundell, 169 F.3d 540, 544 (8th Cir. 1999); Nucor Corp. v. Nebraska Pub. Power Dist., 999 F.2d 372, 374 (8th Cir. 1993). A district court's determination as to whether a Rule 60(b) motion was made within a reasonable time is reviewed for abuse of discretion. Federal Land Bank, 889 F.2d at 767. Although a review of the procedural history of this case raises a serious question as to whether the instant motion was made within a reasonable time after entry of the now-challenged orders, the undersigned declines to determine the motion on this basis.

defendants do not cite to any intervening law or any other exceptional circumstance to justify revisiting the state court's well reasoned opinions. A review of the state court's decisions shows the court to have thoughtfully considered the parties' respective positions made in exhaustive arguments presented both in written briefs and oral arguments, and to have reached its conclusions based upon its reasonable interpretation of applicable law.[4]

"Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the

---

[4]Nevertheless, the undersigned is not inclined to find the state court's decisions to be erroneous as a matter of law. With respect to defendants' argument that the state court erred in its August 7, 2008, determination that comparative fault is not a cognizable affirmative defense to a claim of legal malpractice, a review of applicable Missouri law shows the state court to have correctly decided the issue on plaintiff's challenge to this defense. Cf. Garnac Grain Co., Inc. v. Blackley, 932 F.2d 1563, 1569-70 (8th Cir. 1991) (applying "best evidence of Missouri law," Eighth Circuit determines affirmative defense of comparative fault not to apply in actions alleging only economic harm). With respect to defendants' argument that the state court erred in its December 23, 2008, determination granting Washington Mutual partial summary judgment on defendants' affirmative defense of contributory negligence, a review of the record supports the state court's determination. Assuming *arguendo* that defendants' client in the underlying litigation engaged in the bad acts as alleged in the relevant affirmative defense of contributory negligence, such bad acts, whether occurring prior to or during the course of the underlying litigation, did not impair or prevent the defendants from properly raising before the trial court, and thus preserving for appellate review, the cognizable claim that the plaintiff in that cause of action failed to present sufficient competent evidence of lost profits damages to submit the matter to a jury.

moving party from receiving adequate redress." Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005). As is evident from the record developed in state court prior to the removal of the cause to this Court, the defendants here had more than ample opportunity to litigate the issues raised in the instant motion, and indeed did so. Their mere disagreement with the court's legal resolution of these contested issues is not a basis upon which to reconsider the decisions. See Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d 220, 227 (1st Cir. 1994) (a court is "under no obligation to repastinate well-ploughed soil simply because an unsuccessful litigant balks at taking 'no' for an answer.").

Accordingly, because defendants have failed to demonstrate that relief from the state court's orders of August 6, 2008, and December 23, 2008, is justified,

**IT IS HEREBY ORDERED** that defendants' Motion for Reconsideration [Doc. #45] is denied.

*/s/ Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this _14th_ day of October, 2009.